UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD C. A.,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 1:20-cv-10015
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S PETITION FOR AWARD OF ATTORNEY FEE PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 12)

**I.   RECOMMENDATION**: For the reasons that follow, it is **RECOMMENDED** that the Court enter an order **GRANTING** Plaintiff's counsel's March 26, 2025 petition for award of attorney fee pursuant to 42 U.S.C. § 406(b) (ECF No. 12) in the amount of $27,772.25.

**II.   REPORT**

    **A.   Procedural Background**

On two prior occasions, Leonard C. A. ("Plaintiff") has filed challenges to the decisions of the Commissioner of Social Security. Plaintiff's challenge to the Commissioner's 2007 decision concluded in the Commissioner's favor in March 2009. *See* Case No. 2:07-cv-14377-JAC-RSW (E.D. Mich.). Plaintiff's challenge

to the Commissioner's 2010 / 2012 decisions resulted in June / July 2014 stipulated remands and a stipulated order for $3,690.00 in Equal Access to Justice Act (EAJA) fees. *See* Case No. 2:12-cv-14492-SFC-MJH (E.D. Mich.). According to his counsel, Plaintiff owed the U.S. Treasury the sum of $2,257.73 which was paid from the ordered fee, leaving a balance of $1,432.27 paid to Plaintiff's attorney for EAJA fees. (ECF No. 12, PageID.29 ¶ 2.) Thereafter, as alleged by Plaintiff's counsel, the ALJ issued an unfavorable decision on June 26, 2015, the Appeals Council remanded on September 23, 2017, and the ALJ issued an unfavorable decision on July 2, 2018. (ECF No. 12, PageID.28 ¶ 1.)

On January 3, 2020, Plaintiff commenced this action, via counsel, to appeal a November 20, 2019 final administrative decision denying his claims for disability insurance (DI) benefits. (ECF No. 1 ¶¶ 3, 4.) On March 25, 2020, the Court entered an order granting the stipulated motion to remand (ECF Nos. 8, 9) and judgment remanding the matter to the Social Security Administration (SSA) for further administrative proceedings (ECF No. 10). Since then, as alleged by Plaintiff's counsel, the Appeals Council remanded on September 24, 2021, the ALJ issued an unfavorable decision on November 8, 2022, the Appeals Council remanded on February 5, 2024, a hearing was conducted on August 14, 2024, and a fully favorable decision was issued in September 2024 "from the original alleged onset date (AOD) of March 1, 2008." (ECF No. 12, PageID.28-29 ¶ 1.)

On March 9, 2025, the SSA informed Plaintiff that he was "entitled to monthly disability benefits . . . beginning August 2008." (ECF No. 12-1, PageID.38.) *Inter alia*, the SSA noted it was withholding Plaintiff's social security benefits "for August 2008 through August 2024[,]" explaining that it "may have to reduce these benefits if [he] received Supplemental Security Income (SSI) for this period." (*Id.*) The SSA also explained that it withheld "$42,772.25 from [his] past due benefits in case [it] need[ed] to pay [his] lawyer[,]" *i.e.*, an assumed 25% contingent fee. (*Id.*, PageID.39.)

### B. The Instant Motion

On March 26, 2025, Attorney Charles A. Robison filed a petition for award of attorney fee pursuant to 42 U.S.C. § 406(b) (ECF No. 12), requesting $27,772.25 in 42 U.S.C. § 406(b) fees (*id.*, PageID.29 ¶ 4; ECF No. 12, PageID.34-37) in accordance with the contingent fee contract into which Plaintiff and Attorney Robison entered on December 5, 2019 (ECF No. 12-2). (ECF No. 12, PageID.29 ¶ 3.)

In the petition, Plaintiff's counsel represents that the Commissioner "states that he neither supports nor opposes counsel's request for $27,772.25 in attorney's fees pursuant to 42 U.S.C. § 406(b)[,]" "agrees that Plaintiff's counsel may style the petition as unopposed[,]" and "does not intend to file a response given that his position is accurately reflected in this petition." (*Id.*, PageID.32 ¶ 7.) (*See also*

3

ECF No. 13 [Certificate of Compliance].) Indeed, to date, the Commissioner has not filed a response.

Judge Ludington has referred this motion to me for entry of a report and recommendation. (ECF No. 14.)

### C. Discussion

While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also Lasley v. Commissioner of Social Sec.*, 711 F.3d 308, 310 (6th Cir. 2014). Indeed, as the Sixth Circuit has noted, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). "The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)). "In order to determine the local market rate, the court

should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14 -01000, 2016 U.S. Dist. LEXIS 167120, at *8 (W.D. Mich. Dec. 5, 2016). The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010), and the benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501–02 (6th Cir. 2006). "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

When analyzing large hourly fees, the Sixth Circuit has held that a 25% fee award is presumed reasonable. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The court in *Rodriquez* observed two exceptions to that presumption: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* The Court finds that neither of the two exceptions apply in this case, and thus, Petitioner's request is presumptively reasonable. Here, the Social Security Administration has

withheld $42,772.25 from Plaintiff's "past-due benefits" to pay Plaintiff's representative. (ECF No. 12, PageID.29 ¶ 3; *id*., PageID.37, 39.)

The Court has reviewed Petitioner's bill of costs in detail, which provides an itemization of 51.6 hours worked at a hypothetical hourly rate of $538.22. (ECF No. 12, PageID.29 ¶ 3; *id*., PageID.34-37.) The court in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990) provides a guideline for reasonable hourly rates:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id*. at 422. The court believed that using a multiplier of two was appropriate as a floor "in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.*

There is no evidence that Petitioner acted improperly, ineffectively or put in merely a minimal effort, and the Court finds that the award would not result in a windfall to Petitioner. A $538.22 hourly rate falls within the parameters set by the Sixth Circuit. *See id.* Attorney Robison was admitted to the State Bar of Michigan

6

in December 1961 and is an active member in good standing.[1]  Thus, he has been an attorney for more than sixty (60) years.  Here, half of Petitioner's hypothetical hourly rate equals $269.11, placing him below the $300 median rate for attorneys with more than 35 years in practice and the $295 median rate for attorneys in Calhoun County.[2]

Furthermore, other courts in this District have approved similar and higher rates.  *See Beckrow v. Comm'r of Soc. Sec.*, No. 19-12834, 2022 WL 1050387, at *2 (E.D. Mich. Mar. 18, 2022) (Stafford, M.J.) ("A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny."), *report and recommendation adopted*, No. 2:19-CV-12834, 2022 WL 1050694 (E.D. Mich. Apr. 7, 2022) (Murphy, J.); *Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (Goldsmith, J.) ("The Court finds that an award of $23,175 is reasonable, which equates to an effective hourly rate of $750.") (external citation omitted).[3]  In

---

[1] *See* www.michbar.org, "Member Directory," P19533 (last visited Apr. 25, 2025).

[2] *See* State Bar of Michigan:  2023 Economics of Law Report, "2023 Attorney Hourly Billing Rates by Years in  Practice."  *See* https://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf (pp. 8, 11) (last visited Apr. 25, 2025).

[3] Petitioner also points to two cases from the W.D. Mich.  (ECF No. 12, PageID.31.)  *See Mulcahy v. Commissioner*, Case No. 1:15-cv-00790-JTN-ESC

addition to my findings regarding the reasonableness of the hourly rate, I have carefully reviewed the itemized entries for the work done.  The entries dated September 2012 to June 2014 total 34.25 hours and appear associated with Case No. 2:12-cv-14492-SFC-MJH (E.D. Mich.), and the entries dated December 2019 to September 2024 total 17.35 hours and appear associated with the instant matter Case No. 1:20-cv-10015 (E.D. Mich.).  (ECF No. 12, PageID.34-37.)[4]  Upon consideration, I further find that the hours charged are reasonable.  Thus, the Court should find that an award of attorney fees in the amount of $27,772.25 is reasonable, particularly in light of the "exceptional result" achieved (*see Ryder*,

---

(W.D. Mich. Mar. 17, 2017) (awarding $12,825.00 in Section 406(b) fees and costs); *Ryder v. Comm'r of Soc. Sec.*, No. 1:15-CV-46, 2017 WL 2124517, at *2 (W.D. Mich. May 1, 2017) ("Attorney Rinck's hypothetical hourly rate of $400.00 is above that floor.  However, given the exceptional result obtained by him in this case, the undersigned concludes that counsel's requested fee of $10,600.00 is reasonable under § 406(b)(1)(A)."), *report and recommendation adopted*, No. 1:15-CV-46, 2017 WL 2119579 (W.D. Mich. May 16, 2017).

[4] Plaintiff's counsel reports that he "has represented Plaintiff since August 3, 2007, and continued to represent him through Case No. 2:07-cv-14377-JAC-RSW (E.D. Mich.), Case No. 2:12-cv-14492-SFC-MJH (E.D. Mich.), and the instant matter, Case No. 1:20-cv-10015 (E.D. Mich.), and seemingly also several matters before the Commissioner.  (ECF No. 12, PageID.28-29 ¶ 1.)  Notwithstanding the fact that Attorney Robison represented Plaintiff as early as August 2007 (*id.*, PageID.28 ¶ 1), Plaintiff's counsel's time sheet represents "Hours Before U.S. District Court," (*id.*, PageID.34), beginning with a September 20, 2012 entry for "Conference with Client Re:  Appeal of A/C Decision[,]" and "Prepare Application and Fee Agreement for U.S. District Court[,]" (*id.*).

2017 WL 2124517, at *2), recovering $171,089 in benefits going back to 2008. (ECF No. 12-1, PageID.38-39.)[5]

And as counsel has acknowledged, upon receipt of attorney fees under 42 U.S.C. § 406(b), he must refund to Leonard C. A. the $1,432.27 counsel received under the EAJA in Case No. 2:12-cv-14492-SFC-MJH (E.D. Mich.). (ECF No. 12, PageID.29, 37.) (*See also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) ("Section 206(b) provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee.'").

Finally, Plaintiff's counsel has certified that a copy of his March 26, 2025 motion was mailed to Plaintiff via the United States postal Service (USPS) (ECF No. 12, PageID.33), as was a copy of Plaintiff's counsel's March 26, 2025 Certificate of Compliance (ECF No. 13, PageID.49). To date, Plaintiff has not filed any opposition.

## D.  Conclusion

For the reasons set forth above, the Court should enter an order **GRANTING** Petitioner's March 26, 2025 motion for award of attorney fee

---

[5] The award letter contains a scrivener's error where it refers to 2004 instead of 2024 (*see* ECF No. 12-1, PageID.39), but the obviousness of this mistake is clear from the prior page in the record (*see id.*, PageID.38).

9

pursuant to 42 U.S.C. § 406(b) (ECF No. 12), **AWARDING** counsel a reasonable fee of **$27,772.25**, and **DIRECTING** the Commissioner of Social Security to disburse **$27,772.25** from the representative fees withheld from Plaintiff Leonard C. A.'s past-due benefits to Petitioner, Attorney Charles A. Robison, upon presentation of the Court's Opinion and Order.  Upon receipt of this fee, counsel must refund Plaintiff **$1,432.27**.

### III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 28, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE